IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EDDIE F. MARSHALL, et al.,<br>Plaintiffs, | Case No.: C-1-02-189 |
| -vs- | JUDGE: WEBER |
| OHIO DEPT. OF EDUCATION, et al.,<br>Defendants. | MAGISTRATE JUDGE HOGAN |

---

## PLAINTIFFS EDDIE F. MARSHALL, SANDRA D. MARSHALL, VENA MARSHALL, KATHRYN P. MARSHALL, MATTHEW H. MARSHALL, ABIGAIL D. MARSHALL, REBECCA BUSA, JANE DOE ONE, JANE DOE TWO, JOHN DOE ONE AND JOHN DOE TWO'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

**Counsel for the Plaintiffs**

JOSEPH BANCSI (0025450)
Counsel for the Appellant
323 Lakeside Ave., Suite 450
Cleveland, Ohio 44113
(216) 781-0111

**Counsel for the Defendants**

Jim Petro
Ohio Attorney General
30 East Broad Street
Columbus, Ohio 43215
(614) 466-2828

R. Gary Walters
McCaslin, Imbus & McCaslin
The Provident Building Suite 900
632 Vine Street
Cincinnati, Ohio 45202
(513) 421-4646

## 1. BACKGROUND

Plaintiffs Vena Marshall, Katherine Marshall, Abigail Marshall and Matthew H. Marshall were students enrolled in the New Boston Community School District of New Boston Ohio. During the Plaintiffs enrollment, the New Boston School District Plaintiffs were compelled to attend "Chapel Services" which were held on school property, conducted during regular school hours, organized by, attended by and largely supervised by, public school staff and administrators. The school district conducted these "Chapel Services" at Thanksgiving, Christmas and Easter. During these services local Christian ministers, several of whom are named Co-Defendants in this suit, would lead Christian Prayers, sing Christian Hymns, preach on Christian Themes and deliver a benediction. The student band and chorus provided the backdrop for these services. These student organizations were compelled to learn, practice and perform a repertoire of Christian Hymns so the preachers would not have deliver a homily without the benefit of taxpayer assisted background music. Attendance at these "Chapel Services" was mandatory. Any student who refused to attend was detained, unattended, in a locked classroom.

It was well known among the students that the penalty for failing to attend these services extended well beyond being locked in a classroom without access to bathrooms, water, or communication with the outside world, in the event of an emergency. There was an additional penalty levied against students who failed to attend. Students who failed to attend were singled out by the student body for harassment and degradation. Plaintiffs in this case were called "Filthy Jew" and "Jew Boy " and "Jew Girl." These children were called "Dirty Jews unworthy to attend a Christian Chapel." These children regularly endured physical assault, slander and bullying, as the proximate result of these

programs. These children endured this campaign not only from other children, but also from adults in the New Boston Community School District. Sadly, many of those adults were schoolteachers, staff and administrators. At one point, Plaintiff Vena Marshall was forced to write a paper on Adolph Hitler's view of the Holocaust. The children were subject to arbitrary and unfair grading practices and forced to run a daily gauntlet of harassment, abuse and bullying.

Plaintiffs Rebecca Bussa, Jane Doe One, Jane Doe Two, John Doe One and John Doe Two suffered similar religious and ethnic bigotry, abuse and intimidation.

## 2. PROCEDURAL HISTORY

The complaint in this case was filed by Plaintiff *pro se* on March 19th 2002. This Court journalized its order that Plaintiffs should obtain counsel, or amend their complaint on December 6th, 2002. A series of amended complaints were later proffered to the Court, however, without benefit of counsel. Counsel for the Plaintiffs was eventually retained and filed its initial appearance in this matter on July 7th, 2003. Counsel attempted to file an Amended Complaint on July 18, 2003. The Court construed this filing as a Motion for Leave to Amend the Complaint. Defendant filed its Brief in Opposition to this motion on August 22, 2003. Plaintiff now files its Response.

## 3. LAW AND ARGUMENT

### A. LEAVE TO AMEND SHOULD BE FREELY GRANTED

Rule 15(a) of The Federal Rules of Civil Procedure encourages the courts to look favorably on requests to amend. Rule 15(a) states "leave shall be freely given when justice so requires." This proposition has been reinforced by innumerable judicial

2

pronouncements by the federal appellate and district courts alike. See *Foman v. Davis*, 371 U.S. 178, 182, (1962). Absent bad faith, or prejudice, leave to amend is normally granted *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union* 883 F.2d 132, 145 (D.C. Cir. 1989).

The genesis of this case was that of a father filing a complaint *pro se* in an attempt to protect his children. The original complaints in this matter, as well as subsequent amendments, were drafted and filed without the benefit, or aid of an attorney. Defendants in this case were at all times subsequent to the original complaint represented by counsel. This Court wisely ordered Plaintiffs to obtain counsel. Plaintiff by and through undersigned counsel now seeks leave to amend its complaint so that its claims may be raised unambiguously. Plaintiff's counsel respectfully submits, that once an amended complaint is filed, Defendants will have the opportunity to respond. Defendants instead of welcoming this development have sought to file a brief in opposition to Plaintiff's Motion to Amend. In their motion, Defendants allege that amendment would be futile. The logical deficit in Defendants argument follows:

### B. THE ARGUEMNTS PUT FORTH BY DEFENDANTS IN OPPOSITION ARE PREMATURE

Defendant claims that this Court has no Subject Matter Jurisdiction to hear claims against either the Ohio Department of Education or Co-Defendant Zelman. Plaintiffs, in their *pro se* complaint(s), were not sufficiently familiar with the intricacies 42 U.S.C. § 1983 to state that these agencies and officials were acting under color of state law, or that Plaintiffs were deprived of a federal or Constitutional Right. Based on the omission of laypersons, Defendants seek to assert that Plaintiffs cannot show that these violations

occurred. This is not the case. Defendants jump to the legal conclusion that Plaintiffs are somehow precluded from amending their complaint to include assertions of federal, or Constitutional deprivation, in spite of the vast weight of caselaw which states that leave to amend shall be freely given. *Hayden v. Ford Motor Co., 497 F2d 1292* (6th Cir. 1974). Defendants base their assertion that this Court is without jurisdiction not on any showing that these violations never occurred, but instead on the argument that because these violations were inartfully pleaded, this Court lacks jurisdiction. In every one of the cases cited by Defendant, the litigants were properly represented at the time of pleading. The authority relied on by the Defendants is not only distinguishable in this regard, it is in the context of this motion, inapplicable. Defendants seek to answer and then proceed to judgment aspects of this case, before Plaintiffs have had an opportunity, by and through counsel to plead them. The issue presently before this court is whether Plaintiff should be allowed to amend its pleadings, now that it has the benefit of counsel. Whether or not Plaintiff was denied federal, or Constitutional Rights, is a matter Defendant's will be free to answer in a responsive pleading, once an amended pleading has been submitted to the Court. To wit, the amended pleading has not been submitted to this court pending the Court's ruling on this motion. Plaintiffs hereby respectfully pray this court to have an opportunity to submit an amended pleading and to afford the Plaintiffs the opportunity to amend, as justice requires.

  The very essence of Rule 15(a) is to avoid the injustices that may occur when the unsophisticated knock on the courthouse door. Congress itself explicitly provided in 28 U.S.C. § 1653 that defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. The federal courts have long held that 28 U.S.C. § 1653

recognizes that in order to accomplish the dual objectives of weeding out frivolous cases and keeping federal courts open to legitimate civil rights claims, courts should allow liberal amendment of civil rights complaints under rule 15(a). *Rotolo v. Borough of Charleroi* 532 F.2d 920 (3rd Cir. 1976).

Plaintiffs have constructively, through lack of counsel, been precluded from properly pleading their case. Plaintiffs now pray this Honorable Court will allow it to amend its pleading and will afford Plaintiffs the opportunity of submitting an amended pleading within a reasonable time frame, as justice so requires.

### 4. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that its Motion to Amend be granted and that Plaintiff be granted a reasonable time to submit to this Honorable Court an Amended Complaint and that Defendants Motion in Opposition be denied.

Respectfully Submitted,

JOSEPH BANCSI (0025450)
Counsel for the Plaintiff
323 Lakeside Ave., Suite 450
Cleveland, Ohio 44113
(216)781-0111

## CERTIFICATE OF SERVICE

A copy of the forgoing Memorandum in Support of Plaintiffs Motion for Leave to File and Amended Complaint was served by regular U.S. Mail this 25th day of September 2003 on the following:

Mindy A. Worley
Assistant Attorney General
Education Division, Office of the Attorney General
30 East Broad Street 16th Floor
Columbus, Ohio 43215
(614) 466-2828

R. Gary Walters
McCaslin, Imbus & McCaslin
The Provident Building Suite 900
632 Vine Street
Cincinnati, Ohio 45202
(513) 421-4646

JOSEPH BANCSI
Counsel for the Plaintiff