FILED
KENNETH J. MURPHY
CLERK

03 OCT 10 PM 5:04

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EDDIE F. MARSHALL, et al., Plaintiffs, | : | CASE NO. C-1-02-189 |
| vs. | : | JUDGE WEBER |
| OHIO DEPT. OF EDUCATION, et al., Defendants. | : | MAGISTRATE JUDGE HOGAN |

**DEFENDANTS OHIO DEPARTMENT OF EDUCATION AND SUSAN TAVE ZELMAN'S MEMORANDUM CONTRA PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## INTRODUCTION

On August 22, 2003, defendants, the Ohio Department of Education and Susan Tave Zelman ("defendants"), filed their memorandum in opposition to plaintiffs' July 18, 2003 motion for leave to file an amended complaint. Incorporating by reference this memorandum, defendants now file their memorandum contra plaintiffs' September 26, 2003 memorandum in support of their earlier motion for leave to file the amended complaint.

Not surprisingly, the grounds for defendants' memorandum in opposition have not changed since plaintiffs' motion was filed. What is surprising is that plaintiffs' memorandum in support utterly fails to address these grounds, namely: 1) the amended complaint is so vague and ambiguous that defendants cannot be reasonably required to respond to the allegations; 2) the immunity protections founded on the Eleventh Amendment preclude plaintiffs' action; and 3) plaintiffs' failure to exhaust IDEA due process procedure requirements bars this suit.

## CERTIFICATE OF SERVICE

A copy of the foregoing Memorandum Contra Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to File the Amended Complaint was served by regular U.S. Mail this 10th day of October, 2003, upon the following:

Joseph Bansci
Lakeside Place, Suite 450
323 West Lakeside Avenue
Cleveland, Ohio 44113

R. Gary Winters
McCaslin, Imbus & McCaslin
Suite 900, Provident Bank Bldg.
632 Vine Street
Cincinnati, OH 45202-2442

                                                                     **MINDY WORLY**
                                                                     Assistant Attorney General

Because the Court has no subject matter jurisdiction over plaintiffs' claims, and because the amended complaint fails to satisfy federal notice pleading requirements construed, pursuant to Rule 15(a), to ensure the determination of claims on their merits, the motion for leave should be denied.

## LAW AND ARGUMENT

### 1. Plaintiffs' Amended Complaint Fails to Satisfy Minimal Notice Pleading Standards

Plaintiffs' memorandum in support of the amended complaint does nothing more than compound the errors of the amended complaint. Replete with unsubstantiated, inflammatory allegations of discrimination, the memorandum in support purports to seek leave to amend so that plaintiffs can raise their claims unambiguously. Nevertheless, the memorandum makes no effort to clarify or ameliorate the many ambiguities contained in the most recently amended complaint.

Instead, plaintiffs' memorandum ignores the many bald legal conclusions, unwarranted factual inferences, and absence of specific factual particulars which persist in plaintiffs' amended complaint. The memorandum in support claims that plaintiffs have constructively, through lack of counsel, been precluded from properly pleading their case. Yet, despite plaintiffs' suggestion that things will somehow be different because they are now represented by counsel, the amended complaint still fails to satisfy the federal rules' guarantee of fair notice and, thus, could not survive a motion to dismiss for failure to state a claim.

2

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Memorandum Contra Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to File the Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Roger F. Carroll<br>
**Roger F. Carroll (0023142)**

Accordingly, because the amended complaint is so vague and ambiguous that it would be unreasonable to require defendants to respond to the allegations, plaintiffs' motion for leave to file the amended complaint should be denied.

## 2. Plaintiffs' Claims Are Barred By the Eleventh Amendment and the Principles of Exhaustion

Plaintiffs' memorandum in support similarly ignores defendants' arguments respecting sovereign immunity and the principles of exhaustion. Whether plaintiffs *pro se* previously omitted language in their amended pleadings or inartfully pleaded their claims is irrelevant to these properly represented plaintiffs and their current motion for leave to file this amended complaint.

What is relevant to plaintiffs' motion for leave is the fact that this Court has no subject matter jurisdiction over plaintiffs' claims and, thus, the proposed amended complaint is futile. For this reason, plaintiffs cannot rely upon a liberal reading of Rule 15(a) to insulate them from the jurisdictional reality that the claims are barred by the Eleventh Amendment and their own failure to comply with IDEA due process hearing requirements.

Plaintiffs' reliance on 28 U.S.C. §1653 is similarly misplaced. Section 1653, designed to address technical defects in diversity, amounts in controversy, and other jurisdictional requirements, merely ensures that a case is not dismissed for want of jurisdiction where an alternate basis for jurisdiction exists. In the present case, there is no alternate jurisdictional basis upon which plaintiffs can assert either their discrimination or their special education claims against the defendants. Indeed, plaintiffs make no effort in their memorandum of support to allege an alternative jurisdictional ground as a basis for these claims.

3

In summary, because plaintiffs' claims are barred by both the Eleventh Amendment and the principles of exhaustion, the motion for leave to file the amended complaint is futile and should be denied.

## CONCLUSION

Not only does plaintiffs' amended complaint fail to state a claim upon which relief could be granted, and thus would be dismissed under Fed. Rule 12(b)(6), but also the amended complaint lacks subject matter jurisdiction, and therefore would be dismissed pursuant to Fed. R. 12(b)(1). Indeed, because the amended complaint cannot overcome the jurisdictional barriers of sovereign immunity and exhaustion of administrative remedies, amendment would be futile.

For the foregoing reasons, defendants respectfully request that the Court deny plaintiffs' motion for leave to file the amended complaint.

Respectfully submitted,

JIM PETRO
ATTORNEY GENERAL

s/Roger F. Carroll
**ROGER F. CARROLL (0023142)**
*Trial Attorney for Ohio Dept. of Education*
rcarroll@ag.state.oh.us
**MINDY WORLY (0037395)**
mworly@ag.state.oh.us
**ELIZABETH WAMPLER (0075488)**
ewampler@ag.state.oh.us
Assistant Attorneys General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7250

4