# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EDDIE MARSHALL, et. al.,
    Plaintiffs

vs

OHIO DEPARTMENT
OF EDUCATION, et. al.,
    Defendants

Case No. C-1-02-189
(Weber, J.)
(Hogan, M.J.)

## ORDER

    This matter is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 44), Defendants' Memoranda in Opposition (Docs. 47, 48), Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 50), and Defendants Ohio Department of Education and Susan Tave Zelman's Memorandum Contra Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 51).[1] Plaintiffs also filed a Motion for a Ruling (Doc. 52) which is redundant as well as moot and is denied as such.[2]

---

[1] This memorandum is in response to Plaintiffs' Reply Memorandum which was incorrectly captioned as a "Memorandum in Support of Plaintiffs' Motion for Leave to File an Amended Complaint."

[2] Contrary to Plaintiffs' assertions, Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 44) has not been pending since July 23, 2003, the date on which it was filed. Such an assertion implies that motions are ripe upon the filing of such without an opportunity for opposing views to be expressed. Motions are ripe for review, and thus are considered pending,

# OPINION

On July 18, 2003, Plaintiffs, after having retained counsel, filed an Amended Complaint. By order dated July 23, 2003, the Court construed Plaintiffs' filing as a Motion for Leave to Amend the Complaint and allowed Defendants time in which to respond to said motion. (*See* Doc. 45). Defendants have since filed their Memoranda in Opposition to Plaintiffs' motion arguing that: 1) Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted; 2) the Court lacks subject matter jurisdiction. Defendants contend that, because Plaintiffs cannot overcome the jurisdictional barriers of sovereign immunity and exhaustion of remedies, amendment would be futile. Defendants further argue that Plaintiff's Amended Complaint is so vague and ambiguous, lacking factual allegations in favor of legal conclusions, that Defendants are unable to respond to said allegations.

Plaintiffs, in their reply memorandum, fail to address these specific issues, but rather, argue that "leave shall be freely given" in light of their previously unrepresented state. Plaintiffs spend an inordinate amount of time pointing out that their original complaint, as well as several amended complaints, were filed without the benefit of counsel. Plaintiffs contend that Rule 15(a) is designed specifically "to avoid the injustices that may occur when the unsophisticated knock on the courthouse door," and that Defendants improperly seek to answer and then proceed to the judgment aspects of the case before Plaintiffs have had an opportunity to properly amend their complaint. (*See* Doc. 50). However, Plaintiffs' argument fails to recognize that it is entirely appropriate for Defendants to point out the futility of amending the Complaint. *See Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994); *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980). The Court should also consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

---

upon the expiration of the filing deadline for any reply memoranda in support of said motions.

of allowance of the amendment, and futility of amendment. *Brooks*, 39 F.3d at 130. Judging from Plaintiffs' proposed Amended Complaint which was filed with the Court on July 18, 2003 (Doc. 44), Defendants arguments possess a certain degree of merit. As the proposed Amended Complaint stands, many of Plaintiffs' claims would be dismissed and therefore, allowing the requested amendment would, indeed, be futile.

Initially, Defendants argue that the Eleventh Amendment bars Plaintiffs' claims for monetary damages against the Department of Education and its administrator, Susan Tave Zelman in her official capacity.[3] As such, amendment of the Complaint to include monetary claims under 42 U.S.C. § 1983 against these defendants would be futile and is Plaintiffs' motion for leave to do so is denied. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Massingill v. Ohio Adult Parole Authority*, No. 01-3348, 2002 WL 172704 (6th Cir. 2002).

Defendants also argue that Plaintiffs have failed to exhaust their administrative remedies with respect to their claims under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et. seq., and as such, these claims would also be barred. Plaintiffs, in Counts X and XI, have alleged that Defendants failed to accommodate Plaintiffs Vena and Katherine Marshall's disabilities by failing to provide a handicap accessible school in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. In Count XII, Plaintiffs allege that Defendants failed to provide the necessary educational assistance in violation of the IDEA. Disputes between parents and school districts regarding special education issues must be resolved initially under the IDEA. 20 U.S.C. § 1415(1). It appears that Plaintiffs have failed to exhaust their administrative remedies with respect to their IDEA claim in Count XII. Plaintiffs have failed to address this issue in their memorandum, and their Complaint is likewise devoid of any indication that they have complied with the due process requirements of the IDEA. Thus, Plaintiffs shall be permitted to amend their Complaint but Plaintiffs must demonstrate that they have exhausted their administrative remedies with respect to Count XII in order to survive a motion to dismiss. While claims regarding special education issues arise under the IDEA, the

---

[3] Plaintiffs' Complaint fails to state in what capacity Defendant Susan Tave Zelman is being sued. However, in light of the fact that Plaintiffs have specified such with respect to other defendants, we conclude that Defendant Zelman is being sued in her official capacity only. *See Shepherd v. Bellman*, 313 F.3d 963 (6th Cir. 2002); *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).

same cannot be said of allegations that the school district failed to provide a handicap accessible facility for a child. *See Schuldt v. Mankato Independent School District No. 77*, 937 F.2d 1357 (8th Cir. 1991). Plaintiffs bring these claims under the ADA specifically. For this reason, Defendants argument on this issue is not entirely well taken. We find that Plaintiffs are not required to exhaust their remedies under the IDEA in order to bring a claim under the ADA. *See McKay v. Winthrop Board of Education*, No. Civ. 96-131-B, 1997 WL 816505 at *3 (D.Me. June 6, 1997). Plaintiffs Motion for Leave to Amend with respect to these claims will therefore be permitted.

Finally, Defendants argue that Plaintiffs' Complaint is so vague and ambiguous that they are incapable of responding to such allegations, other than to generally deny, for want of knowledge, each claim. Defendants argue that Plaintiffs' Complaint is non-specific with respect to time, place and person making it impossible for Defendants to raise any applicable defenses such as the statute of limitations or to determine against which defendants Plaintiffs' claims are being asserted. The Court agrees. Plaintiffs' Complaint presents a confusing picture containing few facts and an abundance of legal conclusions which allow Defendants no opportunity to answer appropriately. Accordingly, on this issue, Defendants arguments are well taken. However, our finding does not necessarily lead to the conclusion that amendment of the Complaint with respect to these issues is futile. Therefore, Plaintiffs will be granted leave to amend these claims to provide "a short and plain statement" of their claims indicating that they are entitled to the relief sought. *See* Fed. R. Civ. P. 8(a)(2); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Oldham v. Cincinnati Public Schools*, 118 F. Supp.2d 867, 870 (S.D. Ohio 2000).

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Leave to Amend their Complaint (Doc. 44) be GRANTED in part and DENIED in part in accordance with the Court's decision herein.  Plaintiffs shall be permitted to amend their Complaint one last time.  Plaintiffs are further advised to take note of Defendants' specific arguments with respect to their Amended Complaint so as to stave off the inevitable motion to dismiss.  **IT IS FURTHER ORDERED THAT** Plaintiffs' Motion   for a Ruling (Doc. 52) be DENIED AS MOOT.

SO ORDERED.


Date:   4/19/04                              s/Timothy S. Hogan
                                        Timothy S. Hogan
                                        United States Magistrate Judge