IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

EDDIE F. MARSHALL
4308 Gallia Street
New Boston, Ohio 45662,

 And

SANDRA D. MARSHALL
4308 Gallia Street
New Boston, Ohio 45662,

 and

VENA A. MARSHALL
A minor, By and Through
Eddie F. Marshall and
Sandra D. Marshall,
Her Parents and Natural Guardians,
4308 Gallia Street
New Boston, Ohio 45662,

 And

KATHRYN P. MARSHALL
4308 Gallia Street
New Boston, Ohio 45662,

 Plaintiffs,

 and

MATTHEW H. MARSHALL
A minor, By and Through
Eddie F. Marshall and
Sandra D. Marshall,
His Parents and Natural Guardians,
4308 Gallia Street
New Boston, Ohio 45662,

 and

CASE NO. C-1-02-0189

JUDGE WEBER
(MAGISTRATE JUDGE HOGAN)

AMENDED COMPLAINT
( With Jury Trial Demand )

1

ABIGAIL D. MARSHALL
A minor, By and Through
Eddie F. Marshall and
Sandra D. Marshall,
Her Parents and Natural Guardians,
4308 Gallia Street
New Boston, Ohio  45662,

    and

        New Party-Plaintiffs


    vs.


NEW BOSTON COMMUNITY SCHOOL DISTRICT
c/o Jerry Skiver
Current Superintendent
522 Glenwood Avenue
New Boston, Ohio  45662,

    and

LOWELL HOWARD,
Individually and As Former Superintendent Of The
New Boston Board Of Education
1067 Gallia Pike
Haverhill, Ohio  45636,

    and

REVEREND BERNARD E. TILLEY, JR.,
Individually and As Employee Of The
New Boston Board of Education
c/o The Parsonage, Haverhill United Methodist Church
41 Haverhill Lane
Haverhill, Ohio  45636,

    and

MELINDA BURNSIDE
Individually and As Employee Of The
New Boston Board of Education
564 Glenwood Avenue
New Boston, Ohio  45662,

2

and

LINDA WESSEL
Individually and As Employee Of The
New Boston Board of Education
4155 SR #335
Portsmouth, Ohio  45662,

and

JERRY BENTLEY
Individually and As Employee Of The
New Boston Board of Education
091 Gallia Pike
Haverhill, Ohio  45636,

and

PATRICIA K. POTTER
Individually and As Employee Of The
New Boston Board of Education
Route #1
Greenup, Kentucky  41144,

and

BARBARA YVONNE CABLISH
Individually and As Employee Of The
New Boston Board of Education
1049 22nd Street
New Boston, Ohio  45662,

       Defendants,

and


RACHAEL JENKINS CORIELL
Individually and As Employee Of The
New Boston Board of Education
2599 State Route #140
Wheelersburg, Ohio  45694,

and

LORRAINE S. CLERICO aka LORRAINE SPARKS
Individually and As A Member Of The
New Boston Board Of Education
3342 Gallia Street
New Boston, Ohio  45662,

    and

SUSAN E. GOINS
Individually and As A Member Of The
New Boston Board of Education
552 Glenwood Avenue
New Boston, Ohio  45662,

    and


GREG GRANT
Individually and As A Member Of The
New Boston Board of Education
806 Lakeview Avenue
New Boston, Ohio  45662,

    and

JOSEPH W. MCGRAW
Individually and As A Member Of The
New Boston Board Of Education
777 Adams Lane
Lucasville, Ohio  45648,

    and

CONNIE SPENCER
Individually and As A Member Of The
New Boston Board Of Education
208 Ohio Avenue
New Boston, Ohio  45662

    and

ANTHONY W. TAYLOR
Individually and As A Member Of The
New Boston Board Of Education
4220 Spruce Street
New Boston, Ohio  45662,

and

JOHNNY D. WHISMAN
Individually and As A Member Of The
New Boston Board of Education
4309 Rhodes Avenue
New Boston, Ohio  45662

and

SCOTT WHISMAN
Individually and As A Member Of The
New Boston Board Of Education
4223 Brookside Drive
New Boston, Ohio  45662,

and

WILLIAM D. WILLIAMS
Individually and As A Member Of The
New Boston Board of Education
4318 Rhodes Avenue
New Boston, Ohio  45662

New-Party Defendants.

## Jurisdiction

1.  Jurisdiction of the claims asserted herein are based on federal question, pursuant to the provisions of The Civil Rights Act, 42 USC 1983, The Americans With Disabilities Act, 42 USC 12101 et. seq., and The First Amendment and The Fourteenth Amendment to the United States Constitution.

2.  Claims are also asserted herein with respect to pendent claims pursuant to the provisions of the laws and statutes of the State of Ohio including claims for intentional infliction of emotional distress, slander, false imprisonment, and claims for falsifying public records.

<u>Claim I.</u>

(Claim of Violation of First Amendment Establishment Clause, and Discrimination Base on Religion in Violation of Fourteenth Amendment of United States Constitution)

3.     Defendant, New Boston Community School District, is a local public school district receiving it's funding from the State of Ohio and the United States of America, and is governed by the New Boston Local Board of Education.

4.     Defendant, Lowell Howard, on or about September, 1997 to June, 2003, was the Superintendent of defendant, New Boston Community School District, having offices located at 522 Glenwood Avenue, in the building of the Glenwood High School of said defendant, and he is joined as a defendant, both, individually and in his former representative capacity of defendant, New Boston Community School District.

5.     Defendant, Lowell Howard, from approximately September, 1997 to June, 2003 was a Deacon and/or member of the Board of and/or member of the Haverhill United Methodist Church.

6.     Defendant, Reverend Bernard E. Tilley, Jr., from approximately September 1997 to date, was an employee of defendant, New Boston Community School District as the Guidance Counselor of Glenwood High School, and was at all times identified at said school as "Reverend" Bernard E. Tilley, and at all times was the Minister of the Haverhill United Methodist Church living at the parsonage, and is joined as a defendant, both individually and as an employee of defendant, New Boston Community School District.

7.     Defendant, Barbara Yvonne Cablish, from approximately September, 1997 to date was an employee of defendant, New Boston Community School District as an English and Art teacher at Glenwood High School and was married to the Reverend Charles T. Cablish, Minister of the

Universal Life Church of Christ, and she is joined as a defendant, both individually and as an employee of defendant, New Boston Community School District.

8.     Defendant, Linda Wessel, from approximately, 1997 to date was an employee of defendant, New Boston Community School District as an English teacher at Glenwood High School, and at all times relevant was married to Lynn Wessel, Minister of Wheelersburg Church of Christ, and is joined as a defendant, both individually and as an employee of defendant, New Boston Community School District.

9.     Defendant, Jerry Bentley, from approximately 1997 to December, 2003 was an employee of defendant, New Boston Community School District as the Principal of the Oak Street Elementary School, who lived on property adjacent to the home of defendant, Lowell Howard, and was at all times relevant a member of the Haverhill United Methodist Church, and is joined as a defendant, both individually and as an employee of defendant, New Boston Community School District.

10.    Defendant, Melinda Burnside, from approximately September, 1997 to date was an employee of defendant, New Boston Community School District as the physical education teacher and since 1999 as the Principal of Glenwood High School, and is joined as an employee of defendant, New Boston Community School District.

11.    Defendant, Patricia K. Potter, from approximately September, 1997 to on or about May, 2002, was an employee of defendant, New Boston Community School District as a science teacher at the Glenwood High School, and is joined as a defendant, both individually and as an employee of defendant, New Boston Community School District.

12.    Defendants Lowell Howard, Reverend Bernard E. Tilley, Jr., Barbara Yvonne Cablish, Linda Wessel, Jerry Bentley, Patricia Potter, prior to September, 1997 to date held a personal

7

religious philosophy centered around Jesus Christ as being the only true and legitimate religion which in their capacities as public educational employees of defendant, New Boston Community School System, have forcefully and unconstitutionally imposed upon the students and others in said school system, including students plaintiffs, Vena Marshall, Kathryn P. Marshall, Matthew Marshall, and Rebecca Bussa.

13.     Defendant, Lowell Howard, as Superintendent of said school system, as relevant to said plaintiff, from approximately September, 1997 to April, 2002 mandated the pursuit and establishment of said religion and said religious philosophy in the schools of the New Boston Community School District with the aid and assistance of defendant, Jerry Bentley, and through the coerced participation of defendant, Melinda Burnside, as the respective school principals, by conducting at least three annual mandatory school Chapel Services at Thanksgiving, Christmas, and Easter on the public school premises in the auditoriums of said schools in lieu of public education classes.

14.     Each year, from September, 1997, until the filing of this lawsuit, defendants Lowell Howard, Reverend Bernard E. Tilley, Jr., Melinda Burnside, Jerry Bentley, Linda Wessel, Barbara Yvonne Cablish, and Patricia K. Potter, were active in the preparation, organization of said Chapel Services, recruiting ministers to preach, including the minister husbands as aforesaid, spoke, preached and led prayers regarding Jesus, Jesus' role in the education process, and sang religious Hymns.

15.     Attendance at said Chapel services was mandatory, and the students who refused were locked into classrooms by defendant, Lowell Howard during the period from September, 1997 to April, 2002.   Students in the Band and Choral classes were forced to learn the Hymns and to play and sing them at such Chapel services as part of their public education curriculum.

16.     Since, September 1997 and continuing to date, the students who refused to attend Chapel were humiliated, ostracized, and were called "Devil Worshippers" without any religion, in front of the student body, and thereafter were singled out by said defendants and in a concerted effort were treated, disciplined and graded arbitrarily, and in no uncertain terms were shown that they were not welcomed in the New Boston Schools and should leave.

17.     Defendants Lowell Howard, Melinda Burnside, Reverend Bernard E. Tilley,Jr., Jerry Bentley, Linda Wessel, Patricia Potter, and Barbara Yvonne Cablish, at all times relevant hereto, knew that such activity on their part as public employees of defendant, New Boston Community School District, were unlawful and in direct violation of the First Amendment to the United States Constitution, but notwithstanding their knowledge they willfully and deliberately continued with the advancement and establishment of their religion at such Chapel Services.

18.     The actions of said defendants were widely know, and were published in the year books of Glenwood High School with photographs and recitations, for example that "Christmas Chapel was held on December 18, 1998, in the Glenwood High School Auditorium… Bernard Tilley gave the benediction…chorus sang "joyful, Joyful, We Adore Thee"…and Dr. Tom Melvin, minister of the First Baptist Church in Greenup, closed the chapel with a blessing"

19.     Defendants Lorraine S. Clerico, Elaine N. Evans, Anna M. Gilley, Susan E. Goins, Greg Grant, Joseph W. McGraw, Connie Spencer, Anthony W. Taylor, Johnny D. Whisman, Scott Whisman, and William D. Williams, as members of the Board of Education of the New Boston Community School District, hereinafter referred to as "defendant members of the New Boston Board of Education", during the period from September 1997 to April 2002, knew of the religious activities and the Chapel Services conducted by defendants, Lowell Howard, Melinda

Burnside, Reverend Bernard E. Tilley,Jr., Jerry Bentley, Linda Wessel, Patricia Potter, and Barbara Yvonne Cablish, on school premises and knew that such activities were unlawful and unconstitutional, yet despite such knowledge they willfully and deliberately consented to such religious practices and ratified such religious activities, notwithstanding the yearly objections of parents, including plaintiffs, Eddie F. Marshall and Sandra D. Marshall, at New Boston School Board meetings.

20.     Plaintiff, Sandy Marshall, having exhausted all known remedy at the local school level on behalf of her children formally complained to defendants Scioto County Board of Education and The Ohio Department of Education on or about January, 2002 of such unlawful and unconstitutional activity, however, all their objections were ignored.

21.     Plaintiffs, the Marshall family, moved to New Boston, Ohio in July, 1997 and the plaintiffs, Vena Marshall, Abigail Marshall, Kathryn Marshall, and, Matthew Marshall, (hereafter referred to as plaintiff Marshall children ) were enrolled in schools in the New Boston Community School District August of 1997. Plaintiff, Rebecca Bussa, entered as an eighth grade student, in September 1997, and was subjected to the same abuses as the Marshall children.

22.     Plaintiffs, the Marshall family, are Jews and from approximately September, 1997 are members of the B'Nai Abraham Synagogue in Portsmouth, Ohio and from  September, 1997 to date, the plaintiff Marshall children were the only Jewish students in New Boston Community School District.

23.     The plaintiff Marshall children seeing other children who refused to attend the Chapel Services locked into classrooms and reprimanded for their different religions, during the fall of 1997 and  thereafter, were forced to attend such religious Chapel Services.

24.     Plaintiffs, Vena Marshall, Matthew H. Marshall, Abigail Marshall, aver that the conduct of defendants as aforesaid was in violation of the First Amendment of the Constitution and their rights thereunder and thus seek a permanent injunction against defendants and an award of attorney fees they have and will continue to incur as a result of this action.

25.     Said plaintiffs aver that they have suffered irreparable harm and unless this Court grants their requested permanent injunction that they will continue to suffer irreparable harm for which they have no adequate remedy at law.

26.     After it was discovered on or about October, 1997, that the plaintiff Marshall children were Jews and objected to such Chapel services and continuing to date were and are exposed to a constant Anti-Semitic campaign by the student body and approved and supported by defendant employees of said school system, who were insulted, verbally assaulted, slandered, humiliated, called "Dirty Jews", "Jew Boy" and "Jew Girl", and "The Dirty Jews unworthy to attend the Christian Chapels...but had the nerve to attend anyway" and now known as "The only family whose is at fault for ending the in-school Christian Chapels".

27.     Since on or before October, 1997 and ongoing to date the ingrained and intractable religious and anti-semitic attitude of defendants, Lowell Howard, Reverend Bernard E. Tilley, Jr., Linda Wessel, Barbara Yvonne Cablish, and Patricia K. Potter, toward plaintiffs permeated every aspect of said defendants' treatment of plaintiff Marshall children in their education process, and said plaintiff children suffered deprivation of their civil rights to be free from discrimination because of religion, and were denied the equal protection, due to the arbitrary and invidious discriminatory treatment during their daily school lives.

28.     The actions of defendants, Lowell Howard, Reverend Bernard E. Tilley,Jr., Linda Wessel, Patricia K. Potter, Barbara Yvonne Cablish, exhibited such willful and wanton

disregard of rights of the plaintiff Marshall children as to expose them to personal liability and to punitive damages.

29.     The foregoing willful and wanton actions of said defendants constituted a violation of the Civil Rights Act, 42 USC 1983, a deprivation of plaintiffs constitutional rights guaranteed under the First and Fourteenth Amendment of The Constitution of the United States.

30.     Plaintiffs seek a mandatory permanent injunction against defendant, New Boston Community School District, and it's agents and employees enjoining them from conducting any religious services, chapels, or any other gathering of any religious nature and from displaying any religious symbols or decorations on the school premises formerly used as religious symbols in the Chapels upon any of the school properties of the New Boston Community School District during mandatory school hours  attached hereto; and that unless this Court issues said permanent injunction plaintiffs Abigail Marshall, Matthew Marshall, Vena Marshall, and the students of the New Boston Community School District shall suffer irreparable harm and injury ongoing.

31.     The specifics of the extent of  the discriminatory actions of the defendants as aforesaid toward the Marshall children, and  the enormity of their animus and vindictiveness will be presented at trial, but some of the specifics are set forth as examples: the forced assignment to plaintiff, Kathryn Marshall, in 1999, knowing she was Jewish, to write a paper on "Adolf Hitler's view" of the Holocaust (as if there was justification of Hitler's extermination of 6,000,000 Jews!); defendant Rachael Jenkins Coriell, physically assaulted plaintiff Vena Marshall on or about November 30th, 2001 whereby defendant, Mrs. Coriell, on the premises of Glenwood High School during class time, grasped Vena's face in her hand and squeezed it so tight Vena had noticeable bruises and at same time Mrs. Coriell put her face three inches away from Vena's and screamed at Vena for at least one minute non-stop; on or about September 15,

2002 defendant, Mrs. Coriell singled plaintiff Vena Marshall from other students, gave her an "F" grade for a six week period and made Vena "walk the bleachers" for 15 minutes during gym class in front of the other classmates because Vena had forgotten her gym t-shirt and one homework assignment knowing that Vena had Epilepsy and a broken foot at this time; plaintiff, Matt Marshall, on or about September, 2001 and onward has on several occasions been bodily lifted up by the skin of the back of his neck and by his ears on school premises by defendant, Mrs. Coriell; plaintiff, Vena Marshall, on or about February 12,13,14, 2002 was taken out of class and intentionally verbally assaulted on school premises by defendant Melinda Burnside so severely that Vena Marshall temporarily quit attending school; on or about September 12, 2002 defendant Melinda Burnside intentionally conspired against plaintiff Vena Marshall using said record of taking Vena out of class to state character flaw in Vena whereby Vena was unable to bring justice in a local court for an assault that happened to Vena in a public park; in or about September, 2002 presenting and fabricating of false testimony by defendant , Lowell Howard, against Vena Marshall; permitting the harassment and physically assaulted of plaintiff Vena Marshall by a student on school premises on numerous occasions from September, 2001 to June, 2003 without any disciplinary or any action taken against the student by the defendant Melinda Burnside, at the instruction of defendant, Lowell Howard; false statements regarding the Marshall children to third-parties affecting their abilities, including making false statements regarding plaintiff, Kathryn Marshall, to employment and school admission offices by defendant, Lowell Howard; expelling plaintiff, Kathryn Marshall, falsely and without due processs, from Glenwood High School, on November 8, 2001, and March 21, 2001, falsifying the school records of plaintiff, Kathryn Marshall by defendants Lowell Howard, Bernard Tilley, Jr. and Barbara Cablish; arbitrarily and without any cause awarding detentions to the Marshall

children; depriving them of restroom facilities; interfering with and blocking various achievement awards of the Marshall children; failure to afford the Marshall children equal protection of the laws and a free appropriate public education; and failure to provide appropriate access to the schools to Vena and Kathryn Marshall, who on or about July 25th, 2001 at Children's Hospital, Columbus, Ohio, were medically diagnosed as epileptic and were subject to and suffered seizures without any notice, and the treating physician for their condition prohibited them from using stairs.

32. That as a result of the foregoing plaintiffs, Eddie Marshall, Sandra Marshall, Vena Marshall, Kathryn Marshall, Abigail Marshall and Matthew Marshall, suffered injuries and damages.

THEREFORE in this Claim I, plaintiffs, request the following relief (A) plaintiffs, Eddie Marshall, Sandra Marshall, Vena Marshall, Abigail Marshall and Matthew Marshall, for permanent injunctive relief against defendants, New Boston Community School District, Bernard E. Tilley, Melinda Burnside, Linda Wessell, Jerry Bentley, Patricia Potter, and Barbara Yvonne Cablish, enjoining them from conducting any religious services, chapels, or any other gathering of any religious nature and from displaying any religious symbols or decorations on the any school premises of the New Boston Community School District, during any mandatory school hours, and against defendants, members of the New Boston School Board of Education, from permitting, authorizing, ratifying, or advancing any religious services, gatherings and activities in the New Boston Community School District; damages as follows against defendant, New Boston Community School District, and defendants, Lowell Howard, Bernard E. Tilley, Linda Wessell, Jerry Bentley, Patricia Potter, Barbara Yvonne Cablish, Rachael Jenkings Coriell,

defendant members of the New Boston Board of Education, individually, and jointly and severally, as follows:

-   Eddie Marshall and Sandra Marshall, in the sum of $100,000 for compensatory damages against defendant, New Boston Community School District; punitive damages in the sum of $500,000.00 against defendants, Lowell Howard, Bernard E. Tilley, Linda Wessell, Jerry Bentley, Patricia Potter, Rachael Jenkins Coriell, and the defendant members of the New Boston Board of Education;

-   Vena Marshall, Kathryn Marshall, Abigail Marshall, and Matthew Marshall, each, in the sum of $500,000.00 as and for compensatory damages and in the sum of $1,000,000 as and for punitive damages, against defendants, New Boston Community School District, Lowell Howard, Bernard E. Tilley, Linda Wessell, Jerry Bentley, Patricia Potter, and defendant members of the New Boston Board of Education.

-   An award of attorney fees, expenses, and costs.

## Claim II.

### (Intential Infliction of Emotional Distress)

33. Now come plaintiffs, Eddie Marshall, Sandra Marshall, Vena Marshall, Kathryn Marshall, Abigail Marshall, and Matthew Marshall, and incorporate herein by reference each and every allegation contained in the foregoing Claim I, as if same were fully rewritten herein.

34. The conduct and actions of defendants, Lowell Howard, Bernard E. Tilley, Linda Wessell, Patricia Potter, Barabra Yvonne Cablish, and Rachael Jenkins Coriell, as aforesaid, constituted intentional extreme and outrageous conduct which should not be tolerated in a civilized community and resulted in emotional distress and injury to said plaintiff.

THEREFORE, plaintiffs, Eddie Marshall, Sandra Marshall, Vena Marshall, Kathryn Marshall, Abigail Marshall, and Matthew Marshall, demand judgment in the sum of $500,000.00 each as and for punitive damages, against, defendants, Lowell Howard, Bernard E. Tilley, Linda Wessell, Patricia Potter, Barbara Yvonne Cablish, and Rachael Jenkins Coriell, jointly and severally, together with an award of attorney fees, expenses, and costs.

Claim III.

(Claim under the Americans With Disabilities Act)

35. On or about July 25, 2001, Plaintiffs, Vena Marshall and Kathryn Marshall, have been diagnosed as epileptic and were subject to and did suffer seizures without notice and were prohibited by their treating physicians from using stairs.

36. That their condition has been classified as a disability subject to the protection of the Americans With Disabilities Act.

37. That plaintiffs, Sandy Marshall and Eddie Marshall, advised defendants, New Boston Community School District, through their employees, in August, 2001 including but not limited to defendants, Lowell Howard and Principal Melinda Burnside and Reverend Bernard Tilley, Jr., and on or about November 8, 2001 and December 10, 2001 the members of the New Boston School Board, of their condition and medical prohibitions, and requested that the schools of the New Boston Community School District, particularly Glenwood High School be handicap accessible with appropriate elevator, since said school and the other schools were not and are not handicap accessible in violation of the Americans With Disabilities Act.

38. Defendant, New Boston Community School District, admitted on or about January, 2002 that it was not in compliance with the mandates of the Americans With Disabilities Act, but refused to take any steps to be in compliance and the Glenwood High School premises did not

accommodate the disabilities of said plaintiffs and provide handicap access to the building, in violation of said plaintiff's rights under said act.

39.     That pursuant to the provisions of the the Americans With Disabilities Act, defendant, New Boston Community School District, has been non-compliant with its mandatory provisions since January 26, 1995, and since August, 2001, has failed to make the appropriate architectural accommodations for their disabilities.

40.     That as a result of the foregoing plaintiffs, Vena Marshall and Kathryn Marshall, suffered injury and damages.

THEREFORE, plaintiffs, Vena Marshall and Kathryn Marshall, demand judgment in this Claim III. as follows: a mandatory injunction against defendant, New Boston Community School District, to forthwith implement architectural and building changes in all of its school buildings to accommodate plaintiffs and other citizens with disabilities to their building facilities; judgment for compensatory damages, each, in the sum of $100,000.00, and an award of attorney fees, expenses and costs.


WHEREFORE, plaintiffs demand judgment against defendants as follows:

A.     In Claim I. Plaintiffs, Eddie Marshall, Sandra Marshall, Vena Marshall, Abigail Marshall and Matthew Marshall, the issuance of a mandatory permanent injunction against defendant, New Boston Community School District, it's agents and employees, and defendants, Bernard Tilley, Melinda Burnside, Linda Wessell, Jerry Bentley, Patricia Potter, and Barbara Yvonne Cablish, enjoining them from conducting any religious services, chapels, or any other gathering of any religious nature, and from displaying any religious symbols, decorations or items formerly used in the chapels as religious symbols upon the school premises of the New Boston

Community School District during mandatory school hours, and against defendants, members of the New Boston School Board of Education, enjoining them from permitting, authorizing, ratifying, or advancing any religion or religious services, gatherings and activities in any of the buildings or property of the New Boston Community School System.

B.     In Claim I. plaintiffs, demand damages as follows:

1.     Against defendants, New Boston Community School District, Lowell Howard, Bernard E. Tilley, Linda Wessell, Jerry Bentley, Patricia Potter, Barbara Yvonne Cablish, Rachael Jenkins Coriell, and defendant members of the New Boston Board of Education, individually, and jointly and severally:

a.     Eddie Marshall and Sandra Marshall, each, in the sum of $100,000.00, for compensatory damages; and punitive damages in the sum of $100,000.00, except against, defendants, Lowell Howard, and New Boston Community School System; against defendant, Lowell Howard, in the sum of $500,000.00 as and for punitive damages.

b.     Vena Marshall, Kathryn Marshall, Abigail Marshall, and Matthew Marshall, each, in the sum of $500,000.00 as and for compensatory damages; and as and for punitive damages in the sum of $500,000.00, except against defendants, Lowell Howard and New Boston Community School District; against defendant, Lowell Howard, in the sum of $1,000,000 as and for punitive damages; and

C.     In Claim II plaintiffs, Eddie Marshall, Sandra Marshall, Vena Marshall, Kathryn Marshall, Abigail Marshall, and Matthew Marshall, each, demand punitive damages, against defendants, Lowell Howard, Bernard E. Tilley, Linda Wessell, Patricia Potter, Barbara Yvonne Cablish, and Rachael Jenkins Coriell, in the sum of $500,000.00;

18

D.      In Claim III plaintiffs, Vena Marshall and Kathryn Marshall, the issuance of a mandatory permanent injunction ordering defendant, New Boston Community School District, to forthwith fully comply with the mandates of the Americans For Disabilities Act and to make all school buildings of the New Boston Community School System handicap accessible, including the installations of elevators in each school building; and each, compensatory damages in the sum of $100,000.00 together with an award of attorney fees, expenses and costs.

E.      An award of attorney fees, expenses and costs and such other and further relief as may be just and appropriate under the circumstances.

s/ Joseph Bancsi

JOSEPH BANCSI Ohio Reg.  No.0025450
Attorney For Plaintiffs
Lakeside Place, Suite 450
323 West Lakeside Avenue
Cleveland, Ohio  44113
(216) 781-0111
(216)  781-6242 fax
jb@bancsilaw.com

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of the issues contained in the foregoing Amended Complaint.

s/ Joseph Bancsi

Attorney For Plaintiffs

CERTIFICATE OF SERVICE

True copies of the foregoing Amended Complaint was served on the following by the electronic filing system of the Court on this 16th day of June, 2004.

>James Petro, Attorney General of the State of Ohio
>30 East Broad Street, Columbus, Ohio 43215
>Roger F. Carroll, Assistant Attorney General of Ohio
>Education Section
>30 East Broad Street, 16th Floor
>Columbus, Ohio 43215
>
>Counsel for Defendants,
>The Ohio Department of Education and Susan Tave Zelman
>
>
>R. Gary Winters
>McCaslin, Inbus & McCaslin
>The Provident Building, Suite 900
>632 Vine Street
>Cincinnati, Ohio 45202
>
>Counsel for Defendants,
>New Boston Community School District, Lowell Howard, Reverend Bernard E. Tilley, Jr., Melinda Burnside, Linda Wessel, Jerry Bentley, Patricia K. Potter, and Barbara Yvonne Cablish.

Service on New-Party Defendants, Rachael Jenkins Coriell, Lorraine S. Clerico, Elaine N. Evans, Anna M. Gilley, Susan E. Goins, Greg Grant, Joseph W. McGraw, Connie Spencer, Anthony W. Taylor, Johnny D. Whisman, Scott Whisman, and William D. Williams, will be made by the United States Marshals pursuant to the provisions of the prior order of this Court.

s/ Joseph Bancsi
_____
Attorney For Plaintiffs