UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EDDIE F. MARSHALL<br>SANDRA D. MARSHALL<br>VENA MARSHALL<br>KATHRYN P. MARSHALL | CASE NO. C-1-02-189 |
| Plaintiffs | Judge Herman Weber |
| and | |
| MATTHEW H. MARSHALL<br>ABIGAIL D. MARSHALL | |
| and | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND/OR TO STRIKE PORTIONS OF PLAINTIFFS' AMENDED COMPLAINT** |
| New Party-Plaintiffs | |
| vs. | |
| NEW BOSTON COMMUNITY SCHOOL DISTRICT<br>LOWELL HOWARD<br>REVEREND BERNARD E. TILLEY, JR.<br>MELINDA BURNSIDE<br>LINDA WESSEL<br>JERRY BENTLEY<br>PATRICIA K. POTTER<br>BARBARA YVONNE CABLISH | |
| Defendants | |
| and | |
| RACHEL JENKINS CORIELL<br>LORRAINE S. CLERICO aka LORRAINE SPARKS<br>SUSAN E. GOINS<br>GREG GRANT<br>JOSEPH W. McGRAW<br>CONNIE SPENCER<br>ANTHONY W. TAYLOR<br>JOHNNY E. WHISMAN<br>SCOTT WHISMAN<br>WILLIAM D. WILLIAMS | |
| New -Party Defendants. | |

Plaintiffs' most recent attempt to amend their Complaint fails to comply with Rules 8(e) and 10(b) of the Federal Rules of Civil Procedure. Moreover, as set forth in detail below, many paragraphs of the "Amended Complaint" are so vague and ambiguous that the defendants cannot reasonably frame a responsive pleading.

Rule 8(e)(1) requires that

> "each averment of a pleading "shall be simple, concise and direct".

Rule 10(b) requires that

> **Paragraphs; Separate Statements.** All averments of a claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

In their jurisdictional statements (paragraphs 1 and 2), plaintiffs identify seven distinct Federal and State causes of action which they allegedly intend to pursue. However, the remaining paragraphs set forth only three denominated "claims". Claim I is purportedly for violation of the First Amendment and discrimination based on religion in violation of the Fourteenth Amendment; Claim II is for intentional infliction of emotional distress; and Claim III as for violation of the ADA. Nowhere in plaintiffs' Complaint are there identified causes of action or specific facts related to any other claim.

Instead, plaintiffs continue to combine vague, ambiguous and non-specific allegations into paragraphs which often do not describe which of the 18 defendants committed the

2

alleged violations, and which of the plaintiffs were aggrieved by the violations.[1] By way of example, defendants refer the Court to paragraphs 16, 23, 26 and 31.

Paragraph 16 fails to identify which defendant called plaintiffs "Devil Worshipers"; which defendant "singled out plaintiffs"; and, which defendants "treated, disciplined and graded" plaintiffs "arbitrarily".

Paragraph 22 fails to identify who "forced" the plaintiffs to attend Chapel Services.

Paragraph 26 fails to identify which defendants allegedly "approved and supported" anti-Semitism, slander and verbal assaults.

Paragraph 31 is the most egregious of these deficiencies. It is a single sentence consisting of 40 lines of type, comprising almost 2 pages of the Amended Complaint. It has no separately defined cause of action, but appears to include allegations of assault, slander, denial of due process in connection with a school expulsion, ADA violations, and conspiracy against some, all or an undefined group of the defendants.

It simply is unfair and unreasonable to expect 18 defendants, each with individual interests, to respond to these allegations and to conduct discovery of them. This is why Rule 8 and Rule 10 exist. Similarly, it is unreasonable to expect the Court to sort out these claims without specific assertions as prescribed by Rule 10. The goal of the Federal Rules of Civil Procedure is to provide an orderly process for resolving litigation. Plaintiffs are attempting to evade this process by causing as much confusion as possible. This should not be permitted.

Indeed, the paragraphs described above are not markedly different (and paragraph

---

[1] Also, even though Rebecca Bussa is not identified as a plaintiff in the caption, and neither the "Scioto County Board of Education" nor the Ohio Department of Education is identified as a defendant in the caption, paragraph 21 refers to Bussa as a plaintiff, and paragraph 20 refers to the Scioto County Board of Education and Ohio Department of Education as defendants.

31 is worse) than those in plaintiffs' previously attempted Amended Complaint. In its Order of April 19, 2004, the Court described that Complaint as follows:

> Plaintiffs' Complaint presents a confusing picture containing few facts and an abundance of legal conclusions which allow defendants no opportunity to answer appropriately.

Order at ¶ 4.

The same is true here.

Accordingly, defendants move that the plaintiffs be required to set forth a more definite statement of their claims, or that paragraphs 16, 22, 26 and 31 of plaintiffs' Complaint be stricken from the Complaint.

Respectfully submitted.

/s/ R. Gary Winters
R. Gary Winters        (0018680)
Bernard W. Wharton   (0063487)
Attorney for Defendants
McCASLIN, IMBUS & McCASLIN, LPA
632 Vine Street, Suite 900
Cincinnati, OH  45202-2442
(513) 421-4646
(513) 421-7929 (facsimile)
E-mail: rgwinters@mimlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2004, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ R. Gary Winters
R. Gary Winters        (0018680)
Bernard W. Wharton   (0063487)