**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| EDDIE F. MARSHALL<br>SANDRA D. MARSHALL<br>VENA MARSHALL<br>KATHRYN P. MARSHALL | CASE NO.  C-1-02-189 |
| Plaintiffs | Judge Herman Weber |
| and | |
| MATTHEW H. MARSHALL<br>ABIGAIL D. MARSHALL | |
| and | **REPLY MEMORANDUM IN SUPPORT** |
| New Party-Plaintiffs | **OF DEFENDANTS' MOTION FOR A**<br>**MORE DEFINITE STATEMENT AND/OR**<br>**TO STRIKE PORTIONS OF PLAINTIFFS'** |
| vs. | **AMENDED COMPLAINT** |
| NEW BOSTON COMMUNITY SCHOOL<br> DISTRICT<br>LOWELL HOWARD<br>REVEREND BERNARD E. TILLEY, JR.<br>MELINDA BURNSIDE<br>LINDA WESSEL<br>JERRY BENTLEY<br>PATRICIA K. POTTER<br>BARBARA YVONNE CABLISH | |
| Defendants | |
| and | |
| RACHEL JENKINS CORIELL<br>LORRAINE S. CLERICO aka LORRAINE<br> SPARKS<br>SUSAN E. GOINS<br>GREG GRANT<br>JOSEPH W. McGRAW<br>CONNIE SPENCER<br>ANTHONY W. TAYLOR<br>JOHNNY E. WHISMAN<br>SCOTT WHISMAN<br>WILLIAM D. WILLIAMS | |
| New -Party Defendants. | |

Plaintiffs' Memorandum in Opposition totally fails to address the deficiencies of their Amended Complaint, except to acknowledge that Bussa was inadvertently included as a plaintiff

in that the Ohio Department of Education, Susan K. Zelman and the Scioto County Board of Education were inadvertently identified as defendants.

On the substance of defendants' Motion, plaintiffs have simply continued to ignore the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Contrary to plaintiffs' unsupported assertions, the defendants (of which there are 18, not 8) are not required to guess what claims plaintiffs are making, and against whom they are made.[1] Plaintiffs have chosen to sue 18 distinct persons, and each of those persons is entitled to know which claims are asserted against him or her. Indeed, the Court, too, is entitled to know what claims plaintiffs are making. It is not sufficient for plaintiffs to say only that "these matters are more the subject of discovery" (plaintiffs' Memorandum, page 2)

Defendants do not seek to "erode" plaintiffs' claims, but to require plaintiffs to enunciate them in the manner required of every plaintiff in every lawsuit. Plaintiffs have not explained why they are exempt from this requirement.

Accordingly, defendants move that plaintiffs be required to set forth a more definite statement of their claims, or that paragraph 16, 23, 26 and 31 be stricken from the Amended Complaint.

Respectfully submitted.

/s/ R. Gary Winters
R. Gary Winters     (0018680)
Bernard W. Wharton  (0063487)
Attorney for Defendants
McCASLIN, IMBUS & McCASLIN, LPA
632 Vine Street, Suite 900
Cincinnati, OH  45202-2442
(513) 421-4646
(513) 421-7929 (facsimile)
E-mail: rgwinters@mimlaw.com

---

[1]     This counsel represents all the named defendants in this case.

2

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 6th day of August, 2004, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

              /s/ R. Gary Winters
              R. Gary Winters (0018680)
              Bernard W. Wharton (0063487)