UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDDIE MARSHALL, et. al.,
    Plaintiffs

vs

OHIO DEPARTMENT
OF EDUCATION, et. al.,
    Defendants

Case No. C-1-02-189
(Weber, J.)
(Hogan, M.J.)

## ORDER

This matter is before the Court on Defendants' Motion for a More Definite Statement and/or to Strike Portions of Plaintiffs' Amended Complaint (Doc. 62), Plaintiffs' Opposition to Defendants' Motion for More Definite Statement/ or Motion to Strike (Doc. 66), and Defendants' Reply Memorandum in Support of Defendants' Motion for a More Definite Statement and/or to Strike Portions of Plaintiffs' Amended Complaint (Doc. 67).

Rule 8(e) provides in pertinent part that, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Rule 10 further state that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable *to a statement of a single set of circumstances*; and a paragraph may be referred to by number in all succeeding pleadings. *Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . .* whenever a separation facilitates the clear presentation of matters set forth.

Fed. R. Civ. P. 10(b)(emphasis added).

Defendants argue that Plaintiffs' Amended Complaint fails to comply with Federal Rules of Civil Procedure 8(e) and 10(b) and are so vague and ambiguous that the Defendants cannot reasonably frame a responsive pleading. Defendants argue that Plaintiffs' Complaint is non-specific with respect to time, place and person making it impossible for Defendants to raise any applicable defenses such as the statute of limitations or to determine against which defendants Plaintiffs' claims are being asserted. The Court agrees with Defendants. While Plaintiffs contend that they have addressed the deficiencies noted in the Court's previous order regarding the lack of specificity in their Complaint, the presently amended Complaint does little to diffuse the confusion caused by their previous Complaint. Plaintiffs' Amended Complaint presents a confusing picture containing a myriad of factual allegations but fails to specifically identify which Defendants committed the specific act. Plaintiffs' response that the phrases "said defendants" or "defendants" were used because "all defendants listed participated *in various degrees and forms*" to the alleged conduct, is simply not sufficient. As Defendants point out, there are now eighteen defendant named in this action [1] who are entitled to know which claims are being asserted against him or her and they should not be required to guess at such. Moreover, Plaintiffs' contentions that "such matters are the subject of discovery" are not sufficient to overcome the basic requirements of Rules 8(e).

As Defendants correctly point out, Plaintiffs' jurisdictional statements identify seven distinct Federal and state causes of action. (Doc. 59, ¶¶ 1-2). However, Plaintiffs set forth, in Claim I, a claim for "violation of First Amendment Establishment Clause, and Discrimination Base on Religion in Violation of Fourteenth Amendment of United States Constitution." (Doc. 59, ¶¶ 3-32). Claim II sets forth a claim for Intentional Infliction of Emotional Distress. (Id. at ¶¶ 33-34). Finally, in Claim III, Plaintiffs assert a claim "under the Americans with Disabilities Act." (Id at ¶¶ 35-40). Plaintiffs' Amended Complaint fails to identify claims or specific facts related to any other claim listed in their jurisdictional statements.

Accordingly, Defendants' objections to paragraphs 16, 23, 26 and 31 are well

---

[1] While Plaintiff notes that, technically, the defendants in this action are the eight remaining original defendants, defense counsel has indicated that he represents all the named defendants in this case and is bringing the motion on their behalf also, service of process notwithstanding. Therefore, the decision herein shall pertain to Plaintiffs' claims against all named defendants in this matter regardless of whether or not they have yet been served. In this way, we hope to avoid the multiple filing of Answers by various defendants to Plaintiffs' Amended Complaint(s).

2

taken. With respect to paragraph 16, Plaintiffs shall identify to the extent practicable, which defendant called Plaintiffs "Devil Worshipers;" which defendant "singled out Plaintiffs;" and which defendant or defendants "treated, disciplined" and/or "graded" Plaintiffs "arbitrarily." Regarding paragraphs 23 and 26, Plaintiffs shall identify who "forced" Plaintiffs to attend Chapel Services" and which defendants "approved and supported anti-Semitism, slander and verbal assaults." In paragraph 31, Plaintiffs attempt to set forth "the specifics of the extent of the discriminatory actions of defendants." (Doc. 59, ¶ 31). However, even a quick glance at Rule 10(b) tells us that the factual allegations of paragraph 31 are not properly set forth. As such, to the extent that these factual allegations are asserted in support of Plaintiffs' first cause of action, Plaintiffs shall follow the direction of Rule 10(b) and set forth such averments in numbered paragraphs, the contents of which shall be confined to a statement of a single set of circumstances and the defendant or defendants to whom the averment pertains. Should these factual allegations be made in support of any other claim, Plaintiffs shall once again, after a thorough reading of Rule 10(b), set forth such claims accordingly.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for More Definite Statement and/or to Strike Portions of Plaintiffs' Amended Complaint (Doc. 62) be GRANTED in part and DENIED in part in accordance with the Court's decision herein. Plaintiffs shall amend their Complaint to address the deficiencies noted above.

SO ORDERED.

Date  1/20/05

Timothy S. Hogan
United States Magistrate Judge