# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

EDDIE F. MARSHALL, et. al.,
      Plaintiffs

vs                                Case No. C-1-02-189
                                       (Weber, J.)

OHIO DEPARTMENT OF           (Hogan, M.J.)
EDUCATION, et. al.,
         Defendants

---

## REPORT AND RECOMMENDATION

---

       Before the Court is Defendants' Motion to Dismiss Plaintiffs Eddie F. Marshall and Sandra D. Marshall (Doc. 84). To date, no response has been filed by Plaintiffs.

## BACKGROUND

       Plaintiffs Eddie and Sandra Marshall are the parents Plaintiffs Vena Marshall and Kathryn Marshall, fifteen and eighteen years of age respectively. In their original complaint, Plaintiffs allege that the actions of the New Boston Public Schools have contributed to Vena's health problems, which include epilepsy, a venous anomaly in one lobe of her brain, learning problems and a psychological impairment. (Doc. 3, Plaintiffs' Complaint at ¶ 3). Plaintiffs also allege that the New Boston Public Schools have refused to provide Plaintiff Vena Marshall with special education services in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. (Id. at ¶ 4)[1]. Plaintiffs further allege that the

---

[1] While Plaintiffs have not amended this claim in any of their subsequent amended complaints, evidence submitted by Plaintiffs establishes that Plaintiff Vena Marshall was found eligible for special education and related services and an IEP was developed on February 11, 2002 (Doc. 8, Plaintiffs' Response to Defendants' Motion to Dismiss the Amended Complaint, Ex. L10-32, individualized

New Boston Public Schools' practice of holding Christian Chapels within the schools' auditoriums during school hours have injured both Plaintiffs Kathryn and Vena Marshall in violation of 42 U.S.C. § 1983.  (Id at ¶¶ 6,7; Doc. 5, Amended Complaint, at p. 3, Doc. 25, Amended Complaint, at p. 3).

After several failed attempts to comply with the Court's orders allowing Plaintiffs to amend their Complaint to clearly set forth their claims (*see* Docs. 28, 32, 36, 54, 55, 57, 76, 77, 79), the Court ordered Plaintiffs to proceed on their Second Amended Complaint (Doc. 25). (*See* Doc. 82).

## OPINION

Pursuant to Federal Rule of Civil Procedure 17, a minor who does not have an appointed representative may sue by a next friend or by a guardian ad litem. Fed. R. Civ. P. 17(c).  Additionally, under the Ohio Revised Code,

> No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. Except as provided in section 4705.09 of the Revised Code or in rules adopted by the supreme court, admission to the bar shall entitle the person to practice before any court or administrative tribunal without further qualification or license.

O.R.C. § 4705.01.  Thus, on December 5, 2002, the Court ordered Plaintiffs Eddie and Sandra Marshall to obtain counsel to undertake legal representation of their minor daughter, Vena Marshall, on whose behalf, Plaintiffs Eddie and Sandra Marshall could then sue as "next friend or guardian." (*See* Doc. 21).  Thereafter, Plaintiffs obtained counsel who entered his appearance on July 7, 2003.  (Doc. 42).

Defendants now seek dismissal of Plaintiffs Eddie and Sandra Marshall,

---

Education Program (IEP) dated 2/11/03, attached).

arguing that, as Plaintiff Vena Marshall is no longer a minor[2], there is no need for Plaintiffs Eddie and Sandra Marshall to serve as party plaintiffs in this matter. Defendants argue that there are no allegations in the Complaint (Doc. 3) or the Second Amended Complaint (Doc. 25) which state claims separate from, or not arising from, their status as parents of Vena Marshall. Plaintiffs, by failing to respond to Defendants' motion, have failed to offer any opposition thereto.

Because we find that Plaintiffs Eddie and Sandra Marshall have stated no claims on behalf of themselves personally, but rather, state only claims on behalf of Vena Marshall as next friends or guardians, we find Defendants' motion to be well taken. As Plaintiff Vena Marshall has attained the age of majority, and is the real party in interest, Plaintiffs Eddie and Sandra Marshall shall be removed as next friends or guardians. Fed. R. Civ. P. 17(a), (c); *see also Wilson v. Luttrell*, Nos. 99-5459, 99-5460, 99-5461, 99-5462, 2000 WL 1359624 at * 10 (6th Cir. Sept. 13, 2000).

## IT IS THEREFORE RECOMMENDED THAT:

1)    Defendants' Motion to Dismiss (Doc. 84) be **GRANTED**.

2)    Plaintiffs Eddie and Sandra Marshall be **DISMISSED** as parties to the within action.

Date: _10/4/2005_____          s/Timothy S. Hogan
                                     Timothy S. Hogan
                                     United States Magistrate Judge

---

[2] Plaintiff Vena Marshall turned age eighteen on August 3, 2005. (Doc. 8, Ex. L-40, Birth Certificate Vena Marshall).

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 10/5/2005. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).